IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARY MICHELLE BURRIS,

    Plaintiff,

  v.

COUNTY OF PLACER, and DOES 1 THROUGH 100, inclusive,

    Defendants.         /

No. Civ. 2:09-CV-03299 JAM DAD

ORDER GRANTING DEFENDANT'S MOTION FOR ABSTENTION

    This matter comes before the Court on Defendant County of Placer's ("Defendant") Motion for Abstention. (Doc. # 11). Defendant's Motion for Abstention was filed in conjunction with its Motion to Dismiss (Doc. # 10). The Motion for Abstention requests, in the alternative, that if the Court does not completely dismiss the matter for the reasons stated in the Motion to Dismiss, the Court should abstain from exercising federal jurisdiction pursuant to Railroad Commissioner v. Pullman, 312 U.S. 496, L. Ed. 971, 61 S. Ct. 643 (1941). (Doc. # 11). Plaintiff Mary Michelle Burris ("Plaintiff") filed a Statement of Non-Opposition to Defendant's Motion for

1

Abstention. (Doc. # 19).  A hearing on this matter was held before the Court on June 16, 2010.

The <u>Pullman</u> abstention doctrine allows a federal court to postpone the exercise of federal jurisdiction when "a federal constitutional issue . . . might be mooted or presented in a different posture by a state court determination of pertinent state law." <u>C-Y Development Co. v. City of Redlands</u>, 703 F.2d 375, 377 (9th Cir. 1983) (quoting <u>County of Allegheny v. Frank Mashuda Co.</u>, 360 U.S. 185, 189, 79 S.Ct. 1060 (1959). <u>Pullman</u> abstention is appropriate where:

> (1) The complaint touches a sensitive area of social policy upon which the federal courts ought not to enter unless no alternative to its adjudication is open.
>
> (2) Such constitutional adjudication plainly can be avoided if a definitive ruling on the state issue would terminate the controversy.
>
> (3) The possibly determinative issue of state law is doubtful.

<u>Sinclair Oil Corp. v. County of Santa Barbara</u>, 96 F.3d 401, 409 (9th Cir. 2006).

Here, (1) Plaintiff's Complaint involves a sensitive area of social policy (land use) that is best left to the state to address, (2) a ruling by the state court will "narrow" the federal constitutional questions at issue (<u>See</u> <u>id.</u> at 405), and (3) the resolution of state law regarding the Subdivision Map

Act is uncertain, as there are very few reported cases in the area of the Subdivision Map Act. As such, this case meets the criteria for Pullman abstention.

Accordingly, the Court GRANTS Defendant's Motion for Abstention under the Pullman abstention doctrine and will hereby postpone the exercise of federal jurisdiction (including reaching a decision on Defendant's Motion to Dismiss) until completion of the state proceeding. The parties are ordered to file a joint status statement no later than ten (10) days after final resolution of the state proceeding.

IT IS SO ORDERED.

DATED: June 18, 2010

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE